## UNITED STATES v. BROWN et al.
### No. 5716.

District Court, E. D. New York.
June 1, 1933.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Alfred C. McKenzie and Frederick J. Peper, Asst. U. S. Attys., both of Brooklyn, N. Y., of counsel), for the United States.

Edward McLoughlin, of Brooklyn, N. Y., for Superintendent of Insurance.

BYERS, District Judge.

By this motion the defendant Superintendent of Insurance, as liquidator, etc., of the Greater City Surety & Indemnity Corporation, seeks to dismiss the complaint in an action at law against the principal and surety on a bond given for the return of a vessel seized by the Coast Guard for a violation of the Prohibition Law (27 USCA § 1 et seq.).

The vessel was not returned in accordance with the written undertaking.

The relief demanded in the complaint is judgment for the penal sum of the bond ($12,000.00) as to the first cause of action; and "attachment and execution" against $2,000.00, being the security deposited by the individual defendant with his surety, when the bond was issued, as to the second cause of action. That sum is now said to be in the custody of the liquidator, and resort thereto is sought to the extent that it will satisfy the judgment sought to be recovered on the bond.

The complaint was filed April 15, 1933, nearly three months after the order of liquidation was granted of the corporate surety, to the Superintendent of Insurance, by the Supreme Court of the state of New York.

That order inter alia provides as follows:

"Ordered, adjudged and decreed, that the officers, directors, stockholders, policyholders, servants, agents, employees and creditors of said Greater City Surety and Indemnity Corporation, and all other persons, be and they are hereby enjoined and restrained from bringing or further prosecuting any action at law, suit in equity, special or other proceeding against said corporation or its estate, or the Superintendent of Insurance of the State of New York and his successors in office as liquidators thereof, or from making or executing any levy upon the property or estate of said corporation, or from in any way interfering with the Superintendent of Insurance of the State of New York or his successors in office, in his or their possession, control or management of the property of the said corporation, or in the discharge of his or their duties as liquidators thereof, or in the liquidation of the business of said corporation;"

The question for decision is whether the foregoing deprives the United States of its right to maintain this suit.

Jurisdiction in such an action resides in this court in virtue of sections 563 and 629 of the Revised Statutes (title 28 USCA § 41, subdivisions (1) and (9); it is exclusive of the courts of the state of New York, section 711, Revised Statutes; Jud. Code § 256 (title 28 USCA § 371).

The applicable statute of the state of New York is article 11 of the Insurance Law (Consol. Laws, c. 28 [section 400 et seq.]), which contains in section 410 the authority to issue such injunctions or orders as may be deemed necessary to prevent interference with the Superintendent, or waste of assets or the obtaining of preferences, judgments or attachments, liens, or levy against the corporation or its assets.

That statute, and the order in question are not potent to oust this court of jurisdiction of this action, so far as the recovery of judgment is concerned. Neither compulsion nor comity requires that the liquidation of the claim of the United States shall be conducted by the Superintendent in his capacity as liquidator.

This is sufficient to dispose of the motion to dismiss, but perhaps there should be added, for the sake of precision, the statement that the views herein expressed are not intended to relate to so much of the prayer of the complaint as seeks satisfaction of the judgment, in part, out of the said $2,000.00 fund. That is part of the res taken into possession by the Superintendent of Insurance, under warrant of law, and in a liquidation proceeding of which the Supreme Court of the state of New York had jurisdiction; compare Lion Bonding Co. v. Karatz, 262 U. S. 77, 43 S. Ct. 480, 67 L. Ed. 871.

The proper disposition of that aspect of the controversy will be presented for determination at the conclusion of the trial.

Motion denied. Settle order.